UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SMUGGLERS COVE, LLC,

     Plaintiff,

  v.

ASPEN POWER CATAMARANS,
LLC, et al.,

     Defendants.

CASE NO. C19-277 MJP

ORDER DENYING MOTION FOR
PARTIAL SUMMARY JUDGMENT

   THIS MATTER comes before the Court on Plaintiff's Motion for Partial Summary

Judgment (Dkt. No. 11).  Having reviewed the Motion, Defendant's Response (Dkt. No. 14), the

Reply (Dkt. No. 18), the Surreply (Dkt. No. 23, Ex. 1), and all related papers, the Court DENIES

Plaintiff's Motion.

**Background**

   On June 6, 2018, Plaintiff Smugglers Cove, LLC ("Smugglers Cove") purchased a used

32-foot catamaran for $260,000.00, with the sale brokered by Defendant Aspen Power

Catamarans, LLC ("Aspen").  (Dkt. No. 1 ("Compl."), ¶ 3.1.)  After the sale, Defendant kept the boat at its warehouse for the next several weeks while it was customized and upgraded.  (Compl., ¶¶ 3.1-3.2; Dkt. No. 12, Declaration of Neil P. Diemer ("Deimer Decl."), Ex. 1 at 42:24-43:23.)

The Parties then entered into an oral agreement, with Plaintiff agreeing to pay Defendants $3,700.00 to transport the boat to a marina in Ventura, California.  (Compl., ¶ 3.6.)  Plaintiff contends that it chose Defendant over cheaper transport options based on Defendant's representations "that its personnel knew the boats and systems well" and that "it had extensive experience transporting vessels out of state."  (Dkt. No. 11 at 3 (citing Deimer Decl., Ex. A at 46:21-47:8, 47:9-14; 47:19-48:2).)  The Parties did not discuss whether Defendant was insured, and in fact, did not discuss insurance at all.  (Deimer Decl., Ex. 1 at 49:18-21; Dkt. No. 15, Declaration of Douglas Foley ("Foley Decl."), Ex. 2 at 27:15-21.)

On July 13, 2018, while Aspen's owner and CEO, Defendant Lawrence Graf, was transporting the boat through Centralia, Washington he was hit by a drunk driver.  (Foley Decl., Ex. 1 at 54:19-58:4.)  The truck, trailer, and boat were all totaled.  (Dkt. No. 57:25-58:1.)  The police report and the Defendants' expert concluded that the drunk driver caused the accident. (Dkt. No. 17, Declaration of Bernard Maddox P.E. ("Maddox Decl."), Ex. 1 at 3; Ex. 3 at 3.) Plaintiff does not dispute the fact that the drunk driver was the sole cause of the accident.  (Dkt. Nos. 11, 18.)

Following the accident, Aspen tendered a claim for the boat to its insurer, Travelers Property Casualty Company of America ("Travelers"), but the claim was denied.  (Deimer Decl., Ex. 1 at 65:25-66:20.)  Aspen has filed suit against Travelers and its insurance broker in King County Superior Court, Case No. 12-2-19106-6 SEA (filed on July 19, 2019).  That action remains pending.

1    On February 25, 2019, Smugglers Cove filed suit, alleging six causes of action based on

2    the destruction of the boat and Aspen's failure to reimburse Smugglers Cove for the boat. (See

3    Compl.)

4                                        **Discussion**

5    **A. Plaintiff's Motion to Strike**

6        As an initial matter, Plaintiff moves to strike the opinions of Defendants' accident

7    reconstructionist, Bernard Maddox, as irrelevant to the issues before the Court and not timely

8    disclosed. (Dkt. No. 18 at 4 n.1.) Defendants rely on Mr. Maddox's expert report to show that

9    they were not at fault for the collision that totaled the boat, an essential element of their breach of

10   contract and breach of bailment defenses discussed below. (See Dkt. No. 14 at 10.)

11       Defendants acknowledge in their Surreply[1] that while the expert disclosure was timely

12   filed on October 31, 2019 (Dkt. No. 14), the "filing inadvertently omitted two exhibits to the

13   expert disclosure." (Dkt. No. 23, Ex. 1 at 2.) The expert disclosure referenced the missing

14   exhibits—Mr. Maddox's expert report and curriculum vitae—and repeated the expert opinions

15   found in the report. (Id.; Dkt. No. 14.) Defendants contend they did not learn about the missing

16   exhibits until Plaintiff's Reply. (Dkt. No. 14.)

17       If a party fails to provide information or identify a witness as required by Rule 26(a) or

18   (e), the party is not allowed to use that information or witness to supply evidence on a motion,

19   unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). District

20   courts have particularly wide latitude in deciding whether sanctions are appropriate under

21   Federal Rule of Civil Procedure 37(c)(1). Bess v. Cate, 422 Fed. Appx. 569, 571 (9th Cir.2011).

22

23   ───────────────

[1] Although Defendants have filed a Motion for Leave to File a Surreply, the Local Rules do not require court
approval, simply the filing of a notice of intent, which Defendants have done. (Dkt. No. 23.)

24

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT - 3

1   Courts may consider "(1) prejudice or surprise to the party against whom the evidence is offered;

2   (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and

3   (4) bad faith or willfulness involved in not timely disclosing evidence" in determining if

4   inadequate expert disclosure falls into the justified or harmless exception to Fed.R.Civ.P.

5   37(c)(1).  Lanard Toys, Ltd. V. Novelty, Inc., 375 Fed. Appx. 705, 713 (9th Cir.2010).

6           Here, although Defendants failed to provide all exhibits in a timely manner, they timely

7   disclosed Mr. Maddox's opinion and immediately corrected their error upon learning of it in

8   Plaintiff's Reply.  The Court therefore finds that Defendants' failure to timely disclose Mr.

9   Maddox's expert report falls into the harmless exception and DENIES Plaintiff's Motion to

10  Strike.

11          **B.  Plaintiff's Motion for Partial Summary Judgment**

12          Summary judgment is proper where "the movant shows that there is no genuine issue as

13  to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

14  56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue

15  of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To defeat a motion for

16  summary judgment, the non-movant must point to facts supported by the record which

17  demonstrate a genuine issue of material fact.  Lujan v. National Wildlife Foundation, 497 U.S.

18  871, 888 (1990).  Conclusory, non-specific statements are not sufficient.  Id. at 889.  Similarly,

19  "a party cannot manufacture a genuine issue of material fact merely by making assertions in its

20  legal memoranda."  S.A. Empresa v. Walter Kidde & Co., 690 F.2d 1235, 1238 (9th Cir. 1982).

21          Plaintiff brings a motion for partial summary judgment on four of its causes of action: (1)

22  breach of contract; (2) breach of bailment; (3) negligent misrepresentation, and; (4) breach of the

23  implied duty of good faith and fair dealing.  For the reasons explained below, the Court finds that

24  Plaintiff's Motion fails on each of these claims.

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT - 4

1      1.  <u>Breach of Contract</u>

2      Plaintiff alleges that Defendants breached the contract by failing to deliver the boat to

3  California.  (Dkt. No. 11 at 7-8.)  While Defendants do not dispute that they were unable to

4  perform under the contract, they contend their performance is excused by the doctrine of

5  impossibility.  (Dkt. No. 14 at 9-11.)

6      "The doctrine of impossibility and impracticability discharges a party from contractual

7  obligations when a basic assumption of the contract is destroyed and such destruction makes

8  performance impossible or impractical, provided the party seeking relief does not bear the risk of

9  the unexpected occurrence."  <u>Tacoma Northpark, LLC v. NW, LLC</u>, 123 Wash. App. 73, 81

10  (2004); <u>Metro. Park Dist. of Tacoma v. Griffith</u>, 106 Wash. 2d 425, 440 (1986); 6A Wash. Prac.,

11  Wash. Pattern Jury Instr. Civ. WPI § 302.09 (7th ed.) (accord).  Here, as Plaintiff notes, "the

12  contract's primary material term required Aspen to safely transport the Vessel to California in

13  the same condition it was in upon departure from Aspen's facility."  (<u>See</u> Dkt. No. 18 at 3.)

14  Performance therefore became impossible when the boat was destroyed.

15      But Plaintiff argues that Defendants "clearly assumed the risk of the continued existence

16  of the Vessel." (Dkt. No. 18 at 3.)  "Such risks can be assumed by agreeing to contract terms

17  that are plain, unequivocal, and unqualified; by such language, a party can assume the very risk

18  that makes performance impossible."  30 Williston on Contracts § 77:54 (4th ed.).  Where such

19  risks are not clearly assumed, "[t]he common law doctrine of impossibility is applied by default."

20  <u>RNJ Interstate Corp. v. United States</u>, 181 F.3d 1329, 1331 (Fed. Cir. 1999); <u>St. Paul Fire &</u>

21  <u>Marine Ins. Co. v. Charles H. Lilly Co.</u>, 48 Wash. 2d 528, 529 (1956).  Because the Parties here

22  never discussed whether Aspen was insured (Deimer Decl., Ex. 1 at 49:18-21; Foley Decl., Ex. 2

23  at 27:15-21), and there is no evidence before the Court that they contemplated what would

24

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT - 5

1   happen if the boat was damaged or destroyed during the journey to California, there is nothing to

2   suggest that Aspen "clearly assumed the risk" in "terms that are plain, unequivocal, and

3   unqualified." Plaintiff has therefore failed to demonstrate that Defendants breached the contract.

4          2. Breach of Bailment

5          Plaintiff argues that Defendants breached the bailment by failing to exercise ordinary care

6   in confirming its insurance coverage. (Dkt. No. 11 at 8-9.) In Washington, a prima facie case of

7   breach of bailment is established "when the bailor shows non-return, loss, damage or destruction

8   to bailed property." Chaloupka v. Cyr, 63 Wash. 2d 463, 466 (1963). "However, if the bailee

9   can show that he has exercised due care or can show the loss was caused by . . . causes which of

10  themselves do not point to negligence on the part of the bailee, he can rebut the presumption."

11  Id. at 467. Here, Defendants have submitted the police report and the expert report of Bernard

12  Maddox, each concluding that the drunk driver was solely at fault for the collision. (See Maddox

13  Decl., Ex. 1 at 3; Ex. 3 at 3.) Indeed, Plaintiff has not submitted any evidence that Defendants

14  failed to use ordinary care in transporting the boat, instead arguing that "a reasonably careful

15  person would have confirmed he or she had insurance coverage before undertaking

16  transportation of a vessel across three states." (Dkt. No. 11 at 9.)

17         But Plaintiff has not presented any evidence that the bailment contract required

18  Defendants to purchase insurance. "[A] bailee may become an insurer when he explicitly

19  contracts that he will be absolutely liable, irrespective of fault, if the bailed property is damaged

20  or destroyed." St. Paul Fire, 48 Wash. 2d at 529. Otherwise, "the rule is that a bailee who is

21  without fault is not liable for damages to the bailed property or for its loss or destruction." Id.

22  "The risk or loss in such cases falls on the bailor." Id. Again, in this case, Plaintiff did not even

23

24

1    raise the issue of insurance when negotiating the bailment.  (Deimer Decl., Ex. 1 at 49:18-21;

2    Foley Decl., Ex. 2 at 27:15-21.)

3           Without presenting any evidence that Defendants are at fault for the destruction of the

4    boat or that the bailment contract required Defendants to purchase insurance, Plaintiff has failed

5    to meet its burden under the summary judgment standard.

6           3.   Negligent Misrepresentation

7           Plaintiff alleges that Aspen made a negligent misrepresentation in "falsely presenting

8    itself to Smugglers Cove as well-qualified to transport vessels, when in fact it was not

9    well-qualified due to its lack of insurance coverage."  (Dkt. No. 11 at 10.)  To prevail on a claim

10   of negligent misrepresentation, a plaintiff must show by "clear, cogent, and convincing

11   evidence" that (1) the defendant supplied information for the guidance of others in their business

12   transactions that was false; (2) the defendant knew or should have known that the information

13   was supplied to guide the plaintiff in business transactions; (3) the defendant was negligent in

14   obtaining or communicating false information; (4) the plaintiff relied on the false information

15   supplied by the defendant; (5) the plaintiff's reliance on the false information supplied by the

16   defendant was justified (that is, that reliance was reasonable under the surrounding

17   circumstances); and (6) the false information was the proximate cause of damages to the

18   plaintiff.  Lawyers Title Ins. Corp. v. Baik, 147 Wash. 2d 536, 545 (2002); Restatement (Second)

19   of Torts § 552(1) (1977).  "An omission alone cannot constitute negligent misrepresentation,

20   since the plaintiff must justifiably rely on a misrepresentation."  Ross v. Kirner, 162 Wash. 2d

21   493, 499 (2007).

22          First, where the Parties never discussed insurance coverage in negotiating the bailment

23   (Deimer Decl., Ex. 1 at 49:18-21; Foley Decl., Ex. 2 at 27:15-21), there was no false information

24

1    and no justifiable reliance.  Second, the proximate cause of the damage to the boat was the drunk

2    driver, not the lack of insurance.  (Dkt. No. 14 at 15.)  Third, Plaintiff has not produced any

3    evidence—in the form of industry standards, expert reports, or otherwise—demonstrating that

4    qualifications for transporting a boat are linked to carrying insurance on the boat.  (Dkt. Nos. 11,

5    18.)  And finally, as Aspen notes, "an issue of fact exists as Aspen contends that, in any event, it

6    did have insurance that would have covered the catamaran boat."  (Dkt. No. 14 at 13 (citing the

7    pending litigation in King County Superior Court, Case No. 12-2-19106-6 SEA (filed on July 19,

8    2019).)  For these reasons, Plaintiff's Motion fails.

9            4.   <u>Breach of the Implied Duty of Good Faith and Fair Dealing</u>

10       Plaintiff next argues that Defendants' "actions in contracting to transport the Vessel to

11   California without securing insurance coverage constituted a breach of its implied contractual

12   duty of good faith and fair dealing."  (Dkt. No. 11 at 13.)  "Under Washington law, '[t]here is in

13   every contract an implied duty of good faith and fair dealing' that "obligates the parties to

14   cooperate with each other so that each may obtain the full benefit of performance.'"  <u>Rekhter v.

15   State, Dep't of Soc. & Health Servs.</u>, 180 Wash. 2d 102, 112-13 (2014) (quoting <u>Badgett v. Sec.

16   State Bank</u>, 116 Wash.2d 563, 569 (1991)).  The duty of good faith arises "when the contract

17   gives one party discretionary authority to determine a contract term."  <u>Goodyear Tire & Rubber

18   Co. v. Whiteman Tire, Inc.</u>, 86 Wash.App. 732, 738 (1997).  But the duty does not impose

19   obligations on the parties other than those contained in the contract; there is no "free-floating

20   duty of good faith unattached to the underlying legal document."  <u>Badgett</u>, 116 Wash. 2d at 570.

21   Thus, the duty arises only in connection with terms agreed to by the parties.  <u>Id.</u>

22       Here, Defendants had no discretion to interpret a contract term that did not exist.

23   (Deimer Decl., Ex. 1 at 49:18-21; Foley Decl., Ex. 2 at 27:15-21.)  Where Plaintiff did not ask if

24

1   Aspen was insured and did not otherwise bargain for Aspen to carry insurance in any way,

2   Defendants had no "free-floating duty of good faith" to obtain insurance.  <u>Badgett</u>, 116 Wash. 2d

3   at 570.  It is also worth repeating that even if the duty of good faith and fair dealing required

4   Defendants to obtain insurance, Plaintiff has not proven that Defendants failed to do so.  <u>See</u>

5   King County Superior Court, Case No. 12-2-19106-6 SEA (filed on July 19, 2019).  Plaintiff's

6   motion as to this claim is also DENIED.

7   <center>**Conclusion**</center>

8       Because Plaintiff has presented no evidence that Defendants were required to purchase

9   insurance on the boat as a term of the bailment contract, assumed the risk of damage to the boat,

10   or failed to exercise ordinary care in transporting the boat, Plaintiff has failed to establish the

11   elements of its claims and has not met the summary judgment standard.  Plaintiff's Motion is

12   therefore DENIED.

13

14       The clerk is ordered to provide copies of this order to all counsel.

15       Dated February 14, 2020.

16

17   

18   Marsha J. Pechman
    United States District Judge

19

20

21

22

23

24